**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1697**

MAWERDI AHMED ABDUREHMAN,

                    Petitioner,

          v.

ERIC H. HOLDER, JR., United States Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted:  March 16, 2009          Decided:  April 22, 2009

Before TRAXLER, DUNCAN, and AGEE, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Robert A. Remes, CARLINER & REMES, P.C., Washington, D.C., for
Petitioner.   Gregory  G.  Katsas,  Assistant  Attorney  General,
Daniel E. Goldman, Senior Litigation Counsel, Rebecca Hoffberg,
UNITED  STATES  DEPARTMENT  OF  JUSTICE,  Washington,  D.C.,  for
Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mawerdi Ahmed Abdurehman, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's order finding her removable and denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[*] Abdurehman challenges the immigration judge's adverse credibility finding, as affirmed by the Board, and challenges the Board's review of the immigration judge's ruling as violative of due process. After a careful review of the record, we deny the petition for review.

We will uphold an adverse credibility determination if it is supported by substantial evidence, see Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006), and reverse the Board's decision "only if the evidence presented . . . was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotation marks and citations omitted). Having reviewed the administrative record and the Board's

---

[*] Because Abdurehman did not challenge the denial of withholding of removal or relief under the CAT in her brief, these claims are not preserved for review. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

decision, we find that substantial evidence supports the immigration judge's adverse credibility finding, as affirmed by the Board, and the ruling that Abdurehman failed to establish past persecution or a well-founded fear of future persecution as necessary to establish eligibility for asylum. See 8 U.S.C. § 1158(b)(1)(B)(i), (ii) (2006) (providing that the burden of proof is on the alien to establish eligibility for asylum); 8 C.F.R. § 1208.13(a) (2008) (same). Because the record does not compel a different result, we will not disturb the Board's denial of Abdurehman's application for asylum.

We further find we lack jurisdiction to consider Abdurehman's due process claim, predicated on the "garbled and unclear" hearing transcript. An alien is required to exhaust administrative remedies as to each claim in order to preserve judicial review. Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3rd Cir. 2003). When the parties fail to raise issues before the Board, the court lacks jurisdiction to review them due to failure to exhaust "all administrative remedies." 8 U.S.C. § 1252(d)(1) (2006); Asika v. Ashcroft, 362 F.3d 264, 267 n.3 (4th Cir. 2004). Thus, because Abdurehman failed to challenge the quality of the hearing transcript on appeal to the Board, we lack jurisdiction to consider it in this petition for review.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED